[682 NYS2d 67]

In the Matter of MARY ANNE SCATTARETICO-NABER (Admitted as MARY ANNE ELIZABETH SCATTARETICO), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 16, 1998

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Gloria A. Bunze* of counsel), for petitioner.

*Brennan Fabriani & Novenstern,* Mount Kisco (*Sylvia L. Fabriani* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition which contained seven charges of professional misconduct against her. In her answer, the respondent admitted some of the factual allegations contained in the petition, but denied that she was guilty of any professional misconduct. Prior to the hearing, the Grievance Committee amended Charge Six and withdrew Charge Seven. After the hearing, the Special Referee sustained the remaining six charges of professional misconduct against the respondent. The Grievance Committee now moves to confirm the Special Referee's report. The respondent cross-moves to refer the matter back to the Grievance Committee for disposition.

Charge One alleges that the respondent failed to maintain a duly constituted escrow account by failing to designate her special account as an "Attorney Special Account", "Attorney Trust Account", or "Attorney Escrow Account", in violation of Code of Professional Responsibility DR 9-102 (B) (2) and DR 1-102 (A) (8) (22 NYCRR 1200.46 [b] [2]; 1200.3 [a] [8]).

On or about August 5, 1996, the Lawyers' Fund for Client Protection informed the Grievance Committee that check number 1020 in the amount of $5,000, which was drawn on the respondent's Interest on Lawyer Account (hereinafter IOLA account), had been presented for payment on July 15, 1996 and July 18, 1996, and returned unpaid due to insufficient funds. The Grievance Committee *sua sponte* initiated a complaint dated August 6, 1996, and requested that the respondent provide bank statements and canceled checks for her IOLA account for the six-month period prior thereto. The respondent submitted an answer to the complaint and copies of some of the requested records. An examination of those records revealed that neither the bank statements nor the canceled checks designated the account as an attorney trust, special, or escrow account as required by Code of Professional Responsibility DR 9-102 (B) (2) (22 NYCRR 1200.46 [b] [2]). The account was entitled, "Mary Anne Scattaretico-Naber, Esq. IOLA account".

Charge Two alleges that the respondent failed to maintain a duly constituted escrow account by failing to maintain required bookkeeping records related to her IOLA account, in violation

of Code of Professional Responsibility DR 9-102 (D) (1), (2) and (8) (22 NYCRR 1200.46 [d] [1], [2], [8]).

By the complaint dated August 6, 1996 and follow-up letters dated October 4, 1996 and January 22, 1997, the respondent was directed to produce for inspection bookkeeping records related to her IOLA account for the six-month period preceding the date of the complaint. On or about September 24, 1996, the respondent furnished the Grievance Committee with copies of the bank statements and canceled checks for the months of January, February, March, May, July, and August 1996. These records were not the originals, but copies obtained from the bank.

On or about October 31, 1996, the respondent submitted a copy of the bank statement for the month of June 1996. On or about March 14, 1997, the respondent submitted copies of canceled checks for the month of June 1996 and cancelled checks and the bank statement for the month of April 1996. Those records were obtained by the respondent from the bank.

The respondent did not furnish the petitioner with duplicate deposit slips. Moreover, the respondent did not maintain and/or produce a record showing the source of all funds deposited in her IOLA account, the names of all persons for whom such funds were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed.

Charge Three alleges that the respondent failed to maintain a duly constituted escrow account by failing to safeguard funds that were entrusted to her to be held in escrow, in violation of Code of Professional Responsibility DR 9-102 (A) and DR 1-102 (A) (8) (22 NYCRR 1200.46 [a]; 1200.3 [a] [8]).

On two separate occasions, the balance in the respondent's IOLA account was less than the balance required to be held by the respondent. On or about July 10, 1996, the respondent disbursed check number 1020 from her IOLA account to Eastbank. Check number 1020 pertained to a mortgage on commercial real estate owned by Saleem Naber, the respondent's husband and client. Saleem Naber was in litigation with the Federal Home Loan Mortgage Corporation in the United States Bankruptcy Court, Southern District, White Plains. Check number 1020 was returned unpaid when presented for payment on July 15, 1996 and July 18, 1996, due to insufficient

funds because the funds corresponding to the mortgage were not available for disbursement on the aforementioned dates.

Charge Four alleges that the respondent failed to maintain a duly constituted escrow account by failing to safeguard funds that were entrusted to her to be held in escrow, in violation of Code of Professional Responsibility DR 9-102 (A) and DR 1-102 (A) (8) (22 NYCRR 1200.46 [a]; 1200.3 [a] [8]). On or about July 11, 1996, the respondent deposited or caused to be deposited in her IOLA account $5,309.20 on behalf of her client Saleem Naber. The respondent subsequently disbursed checks totaling $7,930 pertaining to Saleem Naber. As a result, the respondent's IOLA account was overdrawn.

Charge Five alleges that the respondent engaged in conduct adversely reflecting on her fitness to practice law by commingling personal funds with client funds, in violation of Code of Professional Responsibility DR 9-102 (A) and DR 1-102 (A) (8) (22 NYCRR 1200.46 [a]; 1200.3 [a] [8]). On or about June 20, 1996, the respondent deposited into her IOLA account check number 2010 in the amount of $830 drawn on her personal account.

Based on the respondent's admissions and the evidence adduced at the hearing, the Special Referee properly sustained Charges One through Five. Charge Six, however, is not sustained.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider her cooperation with the Grievance Committee's investigation, her expressed remorse, her corrective actions, her previously unblemished record, that her violations of the Disciplinary Rules were technical violations, that they were unintentional, and that no clients were harmed as a result thereof.

Under the totality of circumstances, the respondent is censured for her professional misconduct.

MANGANO, P. J., ROSENBLATT, MILLER, O'BRIEN and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted insofar as Charges One through Five are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion to refer the matter back to the Grievance Committee for a disposition is denied; and it is further,

Ordered that the respondent, Mary Anne Scattaretico-Naber, is censured for her professional misconduct.